■ BETTY GRATTAN, Appellant-Respondent, v DANIEL P. GRATTAN, Respondent-Appellant, and TOWN OF SOUTHOLD et al., Respondents.—In an action, *inter alia,* for a judgment declaring that the plaintiff has an easement to use and maintain a cesspool on the defendant Daniel Grattan's property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated September 15, 1986, as granted the defendant Daniel Grattan's cross motion for summary judgment dismissing the complaint thereupon and dismissed the complaint against all defendants, and (2) the defendant Daniel Grattan cross-appeals from so much of the same order as granted that branch of the plaintiff's motion which was to dismiss his counterclaims to recover damages for malicious prosecution. The plaintiff's appeal brings up for review so much of an order of the same court, dated December 3, 1986, as, upon reargument of the defendant Daniel Grattan's cross motion for summary judgment, adhered to its original determination *(see,* CPLR 5517 [b]).

Ordered that the plaintiff's appeal from the order dated September 15, 1986, is dismissed, as so much of that order as

is appealed from by the plaintiff was superseded by the order dated December 3, 1986, made upon reargument; and it is further,

Ordered that the order dated December 3, 1986, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated September 15, 1986, is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendant Daniel Grattan is awarded one bill of costs.

The court properly granted summary judgment dismissing the complaint because the affirmation of the plaintiff's attorney, who had no personal knowledge of the facts, was insufficient to raise a triable issue of fact with respect to the plaintiff's claimed easement on Daniel Grattan's property *(see, Barbieri v D'Angelo,* 128 AD2d 661).

The court also properly dismissed Daniel Grattan's counterclaims for malicious prosecution. In this case, a claim for malicious prosecution would lie if the defendant Grattan's property was interfered with, as by injunction or some other provisional remedy *(see, Ellman v McCarty,* 70 AD2d 150, 155; *Tedeschi v Smith Barney, Harris Upham & Co.,* 548 F Supp 1172). Since there is no proof of such interference, these counterclaims were properly dismissed. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.