■ Daxesh Patel et al., Respondents-Appellants, v MBG Development, Inc., et al., Appellants-Respondents. [776 NYS2d 80]—

In an action, inter alia, to recover damages for breach of warranty, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered July 16, 2002, as denied that branch of their cross motion which was for summary judgment dismissing the causes of action alleging breach of warranty and the plaintiffs cross-appeal from so much of the same order as denied their motion for partial summary judgment dismissing the defendants' 13th through 17th affirmative defenses.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiffs are unit owners and members of the Board of Managers of Wyndcrest Condominium, a development sponsored and built by the defendants. The plaintiffs commenced this action asserting, inter alia, causes of action to recover damages for breach of warranty alleging various construction and design defects. The defendants interposed certain affirmative defenses based on a limited warranty extended to purchasers of the condominium units. The plaintiffs moved for summary judgment dismissing those affirmative defenses and the defendants cross-moved, inter alia, for summary judgment dismissing the causes of action alleging breach of warranty. The Supreme Court denied the motion and that branch of the cross motion.

The limited warranty provides for a one-year warranty period for defects in the common areas and a six-year period for major structural defects. A lawsuit must be commenced within one year after expiration of the applicable warranty period. Further, as a condition precedent to suit, a written notice of warranty claim form must be received by the builder no later than 30 days after expiration of the applicable warranty period.

On appeal, the defendants contend, inter alia, that the Supreme Court should have granted summary judgment dismissing the causes of action to recover damages for breach of warranty for the plaintiffs' failure to timely serve a proper no-

tice of claim and to timely commence this action after expiration of the one-year warranty period. The plaintiffs contend, among other things, that the alleged defects are covered by the six-year warranty and that its causes of action were timely interposed. The conflicting expert affidavits submitted by the parties raised a triable issue of fact as to whether certain of the alleged defects which were the subject of the motion and cross motion constituted major structural defects covered by the six-year warranty or defects in the common areas covered by the one-year warranty (*see Pollatos v Glasser,* 255 AD2d 305 [1998]). Since there are issues of fact regarding the timeliness of the plaintiffs' notice of claim and the interposition of their breach of warranty causes of action, the Supreme Court properly denied their motion and that branch of the defendants' cross motion which was for summary judgment dismissing those causes of action.

In light of our determination, it is unnecessary to address the parties' remaining contentions at this time. Santucci, J.P., Altman, S. Miller and Goldstein, JJ., concur.