■ ERIC PAEZ, Appellant, v HEMAL SHAH, Defendant, and SURENDRA SHAH, Respondent. [909 NYS2d 664]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), entered June 26, 2009, as, upon reargument, adhered to the determination in an order dated December 18, 2008, granting the motion of the defendant Surendra Shah for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order entered June 26, 2009, is affirmed insofar as appealed from, with costs.

Having initially failed to consider the plaintiff's opposition to the motion papers submitted by the defendant Surendra Shah (hereinafter the defendant), the Supreme Court granted reargument. Upon reargument, the Supreme Court properly adhered to its determination granting the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.

The defendant met his burden of establishing his prima facie entitlement to judgment as a matter of law by showing that he was neither an owner of, nor general contractor at, the subject premises, which was undergoing renovation, and at which the plaintiff was injured (*see* Labor Law § 241; *Linkowski v City of New York*, 33 AD3d 971 [2006]; *Ryba v Almeida*, 27 AD3d 718 [2006]). In opposition, the plaintiff failed to submit evidence in admissible form sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Balkin, Leventhal and Austin, JJ., concur.