Donna Moore, Appellant, v 3 Phase Equestrian Center, Inc., et al., Defendants, and Pam Brassard, Also Known as Pamela Brassard-Felton, Respondent. [922 NYS2d 98]—

In a consolidated action, inter alia, to recover damages for breach of contract and personal injuries, the plaintiff appeals, as limited by her brief, (1) from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated June 29, 2009, as granted that branch of the motion of the defendant Pam Brassard, also known as Pamela Brassard-Felton, which

was for summary judgment dismissing the complaint insofar as asserted against that defendant, and (2) from so much of a judgment of the same court entered August 25, 2009, as, upon the order, is in favor of the defendant Pam Brassard, also known as Pamela Brassard-Felton, and against that defendant dismissing the complaint insofar as asserted against that defendant. Justice Angiolillo has been substituted for the late Justice Fisher (*see* 22 NYCRR 670.1 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On October 7, 2004, the plaintiff was thrown from her horse while riding him at the premises of the defendant 3 Phase Equestrian Center, Inc. (hereinafter 3 Phase). The plaintiff had purchased the horse from the defendant Angelo Danza, the owner and operator of 3 Phase, on or about September 27, 2004. The plaintiff had been taking riding lessons at 3 Phase with the defendant riding instructor Pam Brassard, also known as Pamela Brassard-Felton, in the months preceding the accident, and had regularly ridden the horse, then owned by Danza, during her lessons. On the date of the accident, the plaintiff arrived at 3 Phase unexpectedly and rode the horse without any instructor present. The plaintiff was thrown from the horse and allegedly sustained various injuries. The plaintiff commenced this action against Brassard, among others, to recover damages for negligence. The plaintiff alleged that, during the months before she purchased the horse, Brassard had routinely drugged the horse with tranquilizers prior to her lessons to conceal from her his known aggressive and dangerous propensities and lameness. After the completion of discovery, Brassard moved for summary judgment dismissing the complaint insofar as asserted against her. The Supreme Court, inter alia, granted Brassard's motion. We affirm.

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form to demonstrate the absence of any material issues of fact (*see Giuffrida v*

*Citibank Corp.*, 100 NY2d 72, 81 [2003]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Once this showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

Here, Brassard established her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her by demonstrating, through the submission of her deposition testimony, the affidavits of Ashley Yozzo, Dana Fitzpatrick, and Lou Ann Moore, and the medical records of the horse from Candlewood Equine, that she did not systematically tranquilize the horse during the course of the plaintiff's lessons, beginning in June 2004 and ending October 7, 2004 (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). In addition, Brassard demonstrated, prima facie, that she did not breach any duty to the plaintiff by failing to disclose or warn her of the horse's alleged violent or aggressive tendencies.

In opposition to Brassard's prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The plaintiff submitted the affidavit of Charles Cecil. However, Cecil's affidavit was insufficient to raise a triable issue of fact, as it does not specifically state that to his knowledge the horse had been drugged, and Cecil's personal experience with the horse does not support the plaintiff's claim of Brassard's failure to disclose or warn of any alleged violent or aggressive tendencies. The plaintiff also submitted the deposition testimony of Armando Gomez, which also failed to raise a triable issue of fact. The additional witness statements submitted by the plaintiff, in opposition to the motion, were unsworn and not in admissible form. Therefore, those witness statements were insufficient to raise a triable issue of fact to show that Brassard breached a duty of care to the plaintiff, that the horse suffered from vicious or aggressive propensities, or that Brassard was responsible for drugging the horse (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Posada v Great Atl. & Pac. Tea Co.*, 70 AD3d 1019 [2010]; *Paez v Shah*, 78 AD3d 675 [2010]). Mastro, J.P., Angiolillo, Roman and Sgroi, JJ., concur.