■ JEROME COOPER et al., Appellants, v SUN AMERICA, LLC, et al., Respondents. (And a Third-Party Action.) [938 NYS2d 462]—

In 2002, the plaintiffs purchased a condominium unit from the defendant Sun America, LLC, the sponsor of the White Sands Condominium, pursuant to a purchase agreement that incorporated a condominium offering plan. In 2006, the plaintiffs commenced this action against Sun America, LLC, and its individual members (hereinafter collectively the defendants), inter alia, to recover damages for breach of contract, alleging that the plaintiffs' unit experienced leaks and flooding due to improper construction of the condominium's exterior walls, which the defendants had failed to repair.

In 2010, the plaintiffs moved for summary judgment, in effect, on the issue of liability on their cause of action to recover damages for breach of contract, arguing that the defendants had breached an express warranty in the offering plan regarding major structural defects. In the order appealed from, the Supreme Court, inter alia, denied the motion on the ground that discovery had not been completed. The plaintiff appeals, and we affirm the order insofar as appealed from, but on a different ground.

The plaintiffs failed to meet their burden of demonstrating the absence of any triable issue of fact regarding whether the alleged defects were covered by the subject warranty (*see Patel v MBG Dev.*, 7 AD3d 498, 500 [2004]). Failure to make such a prima facie showing requires the denial of the motion, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Skelos, J.P., Leventhal, Lott and Miller, JJ., concur.