■ Schulman Family Enterprises et al., Appellants-Respondents, v David B. Schulman et al., Respondents-Appellants. [962 NYS2d 342]—

In an action, inter alia, to recover damages for breach of a partnership agreement, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated November 7, 2011, as denied that branch of their motion which was for summary judgment on the fourth cause of action, which alleged breach of a partnership agreement, and the defendants cross-appeal from so much of the same order as denied that branch of their motion which was for summary judgment dismissing the complaint and granted those branches of the plaintiffs' motion which were, in effect, for leave to amend and to extend a notice of pendency.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form to demonstrate the absence of any material issues of fact" (*Moore v 3 Phase Equestrian Ctr., Inc.*, 83 AD3d 677, 678 [2011]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such a prima facie showing requires the denial of the motion, regardless of the sufficiency of the opposing papers" (*Cooper v Sun Am., LLC*, 92 AD3d 715, 716 [2012]; *see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Here, the Supreme Court properly determined that the plaintiffs failed to establish, prima facie, the absence of any material issues of fact with respect to the fourth cause of action, which alleged breach of a partnership agreement. Thus, the court properly denied that branch of the plaintiffs' motion which was for summary judgment on that cause of action (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853; *Cooper v Sun Am., LLC*, 92 AD3d at 716; *Moore v 3 Phase Equestrian Ctr., Inc.*,, 83 AD3d at 678).

The Supreme Court also properly determined that the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). The defendants' submissions revealed material issues of fact with respect to each cause of action. Thus, the court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Contrary to the defendants' contention, the Supreme Court

properly granted those branches of the plaintiffs' motion which were, in effect, for leave to amend a notice of pendency to correct a minor typographical error in the legal description of the subject property and to extend the notice of pendency (*see* CPLR 2001, 6501, 6513; *Mallick v Farfan*, 66 AD3d 649, 649-650 [2009]; *Key Bank Natl. Assn. v Stern*, 14 AD3d 656, 657 [2005]; *Gross v Castleton Hous. Corp.*, 271 App Div 980 [1947]).

The parties' remaining contentions are without merit. Mastro, J.P., Austin, Cohen and Miller, JJ., concur. **[Prior Case History: 33 Misc 3d 1234(A), 2011 NY Slip Op 52238(U).]**