**U.S. Bank Trust N.A. v Richardson**

2025 NY Slip Op 32245(U)

June 25, 2025

Supreme Court, Westchester County

Docket Number: Index No. 57447/2024

Judge: David F. Everett

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

To commence the statutory time for appeals
as of right (CPLR 5513[a]), you are advised
to serve a copy of this order, with notice of
entry, upon all parties.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF WESTCHESTER**
--------------------------------------------------------------------------X
U.S. BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF THE BKPL SERIES I TRUST,

                              Plaintiff,

               -against-

ALBERTO F. RICHARDSON A/K/A ALBERTO
RICHARDSON; RIA RICHARDSON A/K/A RIA
JOSEPH; UNITED STATES OF AMERICA
(SOUTHERN DISTRICT) O/B/O INTERNAL
REVENUE SERVICES; "JOHN DOE" AND "JANE
DOE" said names being fictitious, it being the intention
of Plaintiff to designate any and all occupants of
premises being foreclosed herein,

                              Defendants.
--------------------------------------------------------------------------X

**INDEX NO. 57447/2024**

**DECISION/ORDER**
**Motion Seq. 1 and 2**

**EVERETT, J.**

Upon consideration of the papers filed in the New York State Courts Electronic Filing System (NYSCEF) Doc Nos. 38-64, relative to the motion by plaintiff for summary judgment on the complaint and counterclaims (CPLR 3212), dismissal of the affirmative defenses (CPLR 3211 [b]), default judgment against the non-appearing defendants (CPLR 3215), appointment of a Referee to compute the sums owed to plaintiff (RPAPL 1321), and to amend the caption; and the cross motion by Alberto F. Richardson and Ria Richardson (defendants) to deny plaintiff's motion, dismiss the action, or in the alternative order a trial, the Court determines as follows:

Background and Arguments

The statement of material facts in support of the motion (NYSCEF Doc No 39) states:

2. The object of the instant action is to foreclose a mortgage securing the premises known as 20 Dearborne Street, Yonkers, New York 10710. The mortgaged premises is more fully described in Schedule "A" annexed to the Summons and Complaint. See NYSCEF #1.

3. On August 26, 2005, the Defendants, Alberto Richardson and Ria Joseph ("Defendants"), executed and delivered to Beneficial Homeowner Service Corporation a promissory note in the principal sum of $585,357.90. See NYSCEF #2.

4. On August 26, 2005, the Defendants executed and delivered a mortgage, which secured the mortgaged premises as collateral for repayment of the promissory note and was recorded in the Westchester County Clerk's Office on August 20, 2005. See NYSCEF #3.

5. The Defendants entered into a modification agreement, which modified the promissory note and mortgage. See NYSCEF #5.

6. Assignments of the mortgage to the Plaintiff were recorded in the Westchester County Clerk's Office. See NYSCEF #4 & 6.

7. The Defendants defaulted in repayment of the mortgage loan in September 2021. See Vargas Aff. Ex. A (Affidavit in Support of Motion for Summary Judgment ¶9).

8. The Plaintiff mailed the contractual pre-acceleration notices of default to the Defendants via first-class mail to the mortgaged premises on October 24, 2023. See Vargas Aff. Ex. A (Affidavit in Support of Motion for Summary Judgment ¶14) & NYSCEF #9.

9. The Plaintiff mailed the RPAPL §1304 ninety-day pre-foreclosure notices to the Defendants via certified and first-class mail to the mortgaged premises on October 24, 2023. See Vargas Aff. Ex. A (Affidavit in Support of Motion for Summary Judgment ¶15) & NYSCEF #7.

10. The Plaintiff was in physical possession of the original promissory note when it commenced the action. See NYSCEF #1-2.

In support of its motion, plaintiff submits the affidavit of Erika Delgado (Delgado; NYSCEF Doc No. 42), an Asset Manager of SN Servicing Corporation (SNSC), servicer of plaintiff. Delgado reviews the assignments of the mortgage and business records, which are attached to her affirmation, including "the payment history of the loan obtained from prior servicers that have been integrated into SNSC's business records and are kept and routinely relied upon as a regular business practice and in the ordinary course of business conducted by SNSC." Delgado reviews the mailing practices and details the requisite mailings sent to defendants (RPAPL 1304, 1306). Delgado states: "Plaintiff, its Custodian or its Servicer maintained possession of the original Note, endorsed to blank, by virtue of three allonges firmly affixed thereto, at the time of commencement of this action."

In the affirmation in support (NYSCEF Doc No. 41), plaintiff's attorney states that defendants "were served with the RPAPL §1320 specialized Summons and Complaint, Notice of Pendency, CPLR §3012-b Certificate of Merit, RPAPL §1303 Notice – Help for Homeowners in Foreclosure in bold fourteen-point type and printed on colored paper, and the title of the notice printed in twenty point type in compliance with RPAPL §1303, and proof of such service was filed in the Westchester County Clerk's Office. See NYSCEF #14-20."

In opposition (NYSCEF Doc No. 53) defendant Alberto F. Richardson (Alberto) concedes that he and his wife entered into unaffordable loans with Beneficial Homeowner Service Corporation (BHSC). Alberto argues that plaintiff lacks standing because there is "no evidence of the authority of the individual who executed the Allonges to bind the Principal"; that Delgado lacks personal knowledge and fails to "disclose when the current servicer took over servicing of the Loan, the prior servicers of the Loan or the history of the Loan that was executed 20 years ago"; that defendants were "not given the identity of the party that allegedly delivered the Note to either the Plaintiff or its agent, the date of the alleged delivery, and there was no evidence to prove delivery of the Note to the Plaintiff or its servicer"; that the numerous assignments require further investigation; and that defendants' answer included counterclaims that require investigation. Alberto speculates that probably defendants should not have closed, that application has been made for a loan modification, and that they are trying to retain the home, which Alberto feels defendants can afford.

In an affirmation in opposition to defendants' cross motion and in reply to the opposition to plaintiff's motion (NYSCEF Doc No. 64), plaintiff's attorney argues that Delgado averred that the loan default occurred in September 2021, Delgado's statements were made based upon her review of computerized business records that were submitted in support of the motion, was accompanied by a Limited Power of Attorney that authorized SN Servicing Corporation to act on

3

behalf of plaintiff as its attorney-in-fact (NYSCEF Doc No. 43); that Delgado laid a sufficient foundation for the admissibility of the loan servicing business records; that defendants admitted they executed the promissory note and mortgage and defaulted in payment; that defendants' conclusory, and self-serving contention that defendants can afford to repay the loan is belied by their four-year default and failure to submit any financial documents and the four CPLR 3408 settlement conferences determined settlement was not financially feasible; that there is no evidence that plaintiff failed to act in good faith; that plaintiff "demonstrated, prima facie, its standing because it filed a copy of the endorsed promissory note with the Complaint on February 21, 2024" and plaintiff did not need to rely on Delgado's affidavit when it established its standing by virtue of filing a copy of the endorsed promissory note with the complaint; and that defendants abandoned all affirmative defenses except for those related to plaintiff's standing because defendants failed to raise the affirmative defenses in opposition to the motion.

Summary Judgment

Summary judgment is appropriate when there are no genuine triable issues of material fact between the parties and the movant is entitled to judgment as a matter of law (CPLR 3212; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 326-327 [1986]). The movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (*Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). A defendant's prima facie showing is governed by the allegations of liability made in the plaintiff's pleadings (*see Wald v City of New York*, 115 AD3d 939, 940 [2d Dept 2014]). To defeat a motion for summary judgment, the opposing party must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which the opposing claim rests (*Zuckerman v City of New York*, 49 NY2d at 562; *Moore v 3 Phase Equestrian Ctr., Inc.*, 83 AD3d 677, 679 [2d Dept 2011]). The affirmation of an

[* 4]

attorney, who has no personal knowledge of the facts asserted, is insufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 325; *Grattan v Grattan*, 136 AD2d 597, 598 [2d Dept 1988]; *Barbieri v D'Angelo*, 128 AD2d 661, 662 [2d Dept 1987]).

<u>Summary Judgment in Foreclosure</u>

"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (*see JPMorgan Chase Bank, N.A. v Deblinger*, 201 AD3d 900, 901 [2022]; *Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d 683, 684 [2016])." (*Deutsche Bank Natl. Trust Co. v Wentworth*, 211 AD3d 684, 686 [2d Dept 2022].)

<u>Standing</u>

In *Deutsche Bank Natl. Trust Co. v Homar* (163 AD3d 522, 523-524 [2d Dept 2018]), the Court stated:

> A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d 683, 684 [2016])....
> "On a summary judgment motion by a defendant, the defendant does not meet its initial burden by merely pointing to gaps in the plaintiff's case; rather, it must affirmatively demonstrate the merit of its claim or defense" (*Vumbico v Estate of Wiltse*, 156 AD3d 939, 941 [2017]).

In *U.S. Bank N.A. v Romano* (231 AD3d 1079, 1080 [2d Dept 2024]), the Court determined: "The defendant's objections to the affidavit of the plaintiff's loan servicer are unavailing, as this submission was not required under the circumstances to establish the plaintiff's standing (*see JPMorgan Chase Bank, N.A. v Escobar*, 177 AD3d at 723). Furthermore, the defendant's challenges to the validity of the assignment of mortgage are 'irrelevant to the issue of the plaintiff's standing to foreclose, as the mortgage is not the dispositive document of title' (*JPMorgan Chase Bank, N.A. v Esparza*, 213 AD3d 655, 657 [2023]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d

5

355, 362 [2015]).” (*See U.S. Bank, N.A. v Goichman*, 230 AD3d 1186, 1186-1187 [2d Dept 2024];

*U.S. Bank N.A. v Haber*, 230 AD3d 530, 532 [2d Dept 2024].)

Evidence – Summary Judgment – Foreclosure Action

Regarding the evidence to be submitted on a motion for summary judgment, the Court in

*Bank of N.Y. Mellon v Gordon* (171 AD3d 197, 201, 207 [2d Dept 2019]), initially states the

general principles:

> A motion for summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212 [b]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Such a motion must be supported "by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions" (CPLR 3212 [b]). To make a prima facie showing, the moving party must "demonstrate its entitlement to summary judgment by submission of proof in admissible form" (*Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co.*, 25 NY3d 498, 507 [2015]; *see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Admissible evidence may include "affidavits by persons having knowledge of the facts [and] reciting the material facts" (*GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 967 [1985]; *see* CPLR 3212 [b]; *Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co.*, 25 NY3d at 508).

> After reviewing the requirements of CPLR 4518, the Court noted the following:

> "[t]here is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518 (a), and the records themselves actually evince the facts for which they are relied upon" (*Citigroup v Kopelowitz*, 147 AD3d 1014, 1015 [2017]; *see HSBC Bank USA, N.A. v Ozcan*, 154 AD3d 822, 826 [2017]).

(*See U.S. Bank Trust, N.A. v Atedgi*, 2025 NY Slip Op 01255, *2 [2d Dept 2025].)

Abandonment of Affirmative Defenses

Defendants' failure to raise pleaded affirmative defenses in opposition to plaintiff's motion

for summary judgment rendered those defenses abandoned or waived and thus without any

efficacy (*see New York Commercial Bank v J. Realty F Rockaway, Ltd.*, 108 AD3d 756, 756-757

[2d Dept. 2013]; *Starkman v City of Long Beach*, 106 AD3d 1076, 1078 [2d Dept. 2013]).

6

Conclusion

Here, plaintiff substantiates its entitlement to summary judgment relying on the Delgado affidavit and documentary evidence. Defendants provide a conclusory response to the assertions and documents provided by plaintiff. Defendants do not submit evidence sufficient to raise questions of fact or set forth issues to be determined by a jury.

The remaining contentions do not require a different result.

Accordingly, it is,

ORDERED that plaintiff's motion for summary judgment is granted.

The foregoing constitutes the Decision and Order of the Court.

A separate Order is being contemporaneously issued including the appointment of a Referee.

Dated: White Plains, New York
June 25, 2025

ENTER:

_____
HON. DAVID F. EVERETT, J.S.C.

Filed in NYSCEF

7

[* 7]