Wilmington Trust Co. v Prashad (2021 NY Slip Op 06645)





Wilmington Trust Co. v Prashad


2021 NY Slip Op 06645


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2017-08604
2017-08605
 (Index No. 5399/15)

[*1]Wilmington Trust Company, etc., respondent,
v
Bonishwar Prashad, etc., et al., appellants, et al., defendants.


Stephen C. Silverberg, PLLC, Uniondale, NY, for appellants.
Troutman Pepper Hamilton Sanders, LLP, New York, NY (Joseph M. DeFazio of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Bonishwar Prashad and Kamini Yadav appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 21, 2017, and (2) an order of the same court entered May 5, 2017. The order entered April 21, 2017, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Bonishwar Prashad and Kamini Yadav, to strike those defendants' affirmative defenses and counterclaims, and for an order of reference. The order entered May 5, 2017, insofar as appealed from, granted the same relief and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the appeal from the order entered April 21, 2017, is dismissed, as the portions of the order appealed from were superseded by the order entered May 5, 2017; and it is further,
ORDERED that the order entered May 5, 2017, is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Bonishwar Prashad and Kamini Yadav, to strike those defendants' affirmative defenses and counterclaims, and for an order of reference are denied, and so much of the order entered April 21, 2017, as granted those branches of the plaintiff's motion is vacated; and it is further;
ORDERED that one bill of costs is awarded to the defendants Bonishwar Prashad and Kamini Yadav.
In October 2003, the defendant Bonishwar Prashad executed a consolidated note and a consolidation, modification, and extension agreement (hereinafter CEMA), both in favor of nonparty Countrywide Home Loans, Inc. The consolidated debt was secured by a consolidated mortgage encumbering certain property in Baldwin.
In June 2015, the plaintiff commenced this action against Bonishwar Prashad and [*2]Kamini Yadav (hereinafter together the defendants), among others, to foreclose the consolidated mortgage. The defendants interposed an answer asserting various affirmative defenses, including lack of standing, and four counterclaims.
In September 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their affirmative defenses and counterclaims, and for an order of reference. The defendants opposed the motion. By order entered April 21, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. In an order entered May 5, 2017, the court, among other things, granted the same relief and appointed a referee to ascertain and compute the amount due to the plaintiff. The defendants appeal.
The plaintiff failed to demonstrate, prima facie, its strict compliance with RPAPL 1304. RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). Proof of mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that the items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure (see Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
Here, the plaintiff attempted to demonstrate mailing of the RPAPL 1304 notice by submitting the affidavit of A.J. Loll, a vice president of the plaintiff's loan servicer, but failed to establish, prima facie, that the mailing actually occurred. Loll stated that the servicer mailed both defendants a 90-day notice via certified and first-class mail, and attached copies of the notices. However, Loll did not aver that he had personal knowledge of the mailing and, while he stated that it was his employer's practice to make such mailings within one day of the date of the notice, he failed to sufficiently describe a standard office procedure designed to ensure that items are properly addressed and mailed (see Federal Natl. Mtge. Assn. v Donovan, 197 AD3d 694). Further, the copies of the notices themselves do not evidence actual mailing (see Wilmington Trust, N.A. v Jimenez, 194 AD3d 988).
For similar reasons, the plaintiff failed to establish, prima facie, that the mailing of the notice of default in accordance with the terms of the mortgage agreement actually occurred (see Nationstar Mtge., LLC v Tamargo, 177 AD3d 750).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their affirmative defenses and counterclaims, and for an order of reference, regardless of the sufficiency of the defendants' opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In view of our determination, we need not reach the defendants' remaining contentions.
MASTRO, J.P., BRATHWAITE NELSON, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court