Wells Fargo Bank, N.A. v Lubonty (2022 NY Slip Op 02305)

Wells Fargo Bank, N.A. v Lubonty

2022 NY Slip Op 02305

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2019-00046
 (Index No. 15655/07)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Gregg Lubonty, appellant, et al., defendants.

Lester & Associates, P.C., Garden City, NY (Peter K. Kamran and Seung Woo Lee of counsel), for appellant.
Aldridge Pite, LLP, Melville, NY (David Welch of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Gregg Lubonty appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), entered September 13, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Gregg Lubonty, to strike that defendant's fifth affirmative defense, and for an order of reference, and denied that defendant's cross motion to dismiss the complaint insofar as asserted against him on the ground that the plaintiff failed to comply with the notice of default provision in the mortgage.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Gregg Lubonty, to strike that defendant's fifth affirmative defense, and for an order of reference, and substituting therefore provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Gregg Lubonty.
On October 24, 2006, the defendant Gregg Lubonty (hereinafter the defendant) executed a note in the sum of $575,000, which was secured by a mortgage on certain real property in Southampton (hereinafter the subject property). In May 2007, the plaintiff commenced this action against, among others, the defendant to foreclose the mortgage. The defendant interposed an answer, in which he asserted various affirmative defenses, including, as the fifth affirmative defense, that the plaintiff failed to comply with the notice of default provision in the mortgage.
The plaintiff then moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's fifth affirmative defense, and for an order of reference. The defendant opposed the motion and cross-moved to dismiss the complaint insofar as asserted against him, contending that the plaintiff failed to comply with the notice of default provision in the mortgage. In an order entered September 13, 2018, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
Initially, although the defendant failed to reference the plaintiff's motion, inter alia, [*2]for summary judgment on the complaint insofar as asserted against him in his notice of appeal, we exercise our discretion to reach beyond the notice of appeal and address the merits of the issue (see McSparron v McSparron, 87 NY2d 275, 282; Chen v Wen Fang Wang, 177 AD3d 694, 697).
On that issue, the plaintiff failed to establish, prima facie, that the mailing of the notice of default actually occurred in accordance with the terms of the mortgage (see Wilmington Trust Co. v Prashad, 199 AD3d 1042, 1044; Nationstar Mtge., LLC v Tamargo, 177 AD3d 750, 753). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's fifth affirmative defense, and for an order of reference without regard to the sufficiency of the defendant's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court properly denied the defendant's cross motion. The mortgage provided that notices would be sent to the address of the subject property, unless the defendant notified the plaintiff of a different address. The defendant did not establish that he notified the plaintiff of a different address for the purpose of receiving the notice of default. Thus, the defendant failed to establish, prima facie, that the plaintiff did not comply with the terms of the mortgage when it sent the notice of default to the subject property (see Wells Fargo Bank, N.A. v Tricario, 180 AD3d 848, 852-853; Wells Fargo Bank, N.A. v Sakizada, 168 AD3d 789, 792).
BARROS, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court