Wilmington Sav. Fund Socy., FSB v Stern (2020 NY Slip Op 05797)





Wilmington Sav. Fund Socy., FSB v Stern


2020 NY Slip Op 05797


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-12180
 (Index No. 4574/11)

[*1]Wilmington Savings Fund Society, FSB, etc., appellant, 
v
Sara Stern, et al., respondents, et al., defendants.


Fein, Such & Crane, LLP (D.J. & J.A. Cirando, PLLC, Syracuse, NY [John A. Cirando, Bradley E. Keem, and Rebecca L. Konst], of counsel), for appellant.
Solomon Rosengarten, Brooklyn, NY, for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Mojgan Cohanim Lancman, J.), entered July 18, 2018. The order denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendants Sara Stern and Chaim Stern, to strike their answer, and to appoint a referee to compute the amount due to it.
ORDERED that the order is affirmed, with costs.
In February 2008, the defendant Sara Stern executed a note in favor of JPMorgan Chase Bank, N.A., which was secured by a mortgage on certain property located in Far Rockaway. In February 2011, Chase Home Finance, LLC, as assignee of the note and mortgage, commenced this action to foreclose the mortgage against, among others, Sara Stern and the defendant Chaim Stern (hereinafter together the defendants). Chase Home Finance, LLC, later merged with and into JPMorgan Chase Bank, National Association (hereinafter Chase). The defendants interposed an answer, asserting, among other things, as an affirmative defense that Chase failed to comply with a condition precedent set forth in the subject mortgage, requiring that it provide them with a notice of default prior to accelerating the mortgage. Subsequently, Wilmington Savings Fund Society, FSB (hereinafter Wilmington), was substituted as the plaintiff.
In May 2018, Wilmington moved for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and to appoint a referee to compute the amount due to it. The Supreme Court denied Wilmington's motion on the ground that Wilmington failed to establish that it mailed a notice of default to the defendants as required by the terms of the mortgage. Wilmington appeals.
"Where it is alleged that a plaintiff has failed to comply with a condition precedent to the enforcement of a mortgage, the plaintiff must proffer sufficient evidence to establish, prima facie, that it complied with the condition precedent" (U.S. Bank N.A. v Kochhar, 176 AD3d 1010, 1012). Here, contrary to Wilmington's contention, its submissions, including the affidavits of [*2]Elizabeth A. Ostermann, the vice president of the loan servicer, and Mary Owens, a vice president of Chase, failed to establish, prima facie, that a notice of default in accordance with section 22 of the mortgage was properly transmitted to the defendants prior to the commencement of this action (see U.S. Bank N.A. v Callender, 176 AD3d 1249, 1251; Wells Fargo Bank, N.A. v Kohli, 173 AD3d 941, 943). The affiants, who lacked personal knowledge of the purported mailing, did not state that they were familiar with the mailing practices and procedures of Chase, the entity that allegedly sent the notice to the defendants. Therefore, the affidavits did not establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed (see LNV Corp. v Sofer, 171 AD3d 1033, 1037; J.P. Morgan Mtge. Acquisition Corp v Kagan, 157 AD3d 875, 876). Additionally, Wilmington failed to submit copies of admissible business records evincing the mailing of the notice (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206; cf. CitiMortgage, Inc. v Goldberg, 179 AD3d 1006, 1008).
Accordingly, we agree with the Supreme Court's determination denying Wilmington's motion for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and to appoint a referee to compute the amount due to it.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court