Citimortgage, Inc. v Ustick (2020 NY Slip Op 06489)





Citimortgage, Inc. v Ustick


2020 NY Slip Op 06489


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2018-00316
2018-00325
 (Index No. 67924/14)

[*1]Citimortgage, Inc., respondent,
v
John M. Ustick, etc., appellant, et al., defendants.


Fred M. Schwartz, Smithtown, NY, for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Max T. Saglimbeni of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant John M. Ustick appeals from two orders of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), both dated September 29, 2017. The first order dated September 29, 2017, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, for summary judgment dismissing that defendant's affirmative defenses, and for an order of reference. The second order dated September 29, 2017, insofar as appealed from, granted the same branches of the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders dated September 29, 2017, are modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant John M. Ustick, for summary judgment dismissing the 1st and 14th affirmative defenses in that defendant's answer which alleged that the plaintiff lacked standing to commence the action, and for an order of reference, and substituting therefor provisions denying those branches of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellant.
The plaintiff commenced this action against the defendant John M. Ustick (hereinafter the defendant), among others, to foreclose a mortgage on real property in Saint James. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, for summary judgment dismissing the defendant's affirmative defenses, and for an order of reference. The defendant opposed the motion, contending, among other things, that there were triable issues of fact as to whether the plaintiff had standing to commence the action. The Supreme Court granted those branches of the motion, and the defendant appeals.
Contrary to the defendant's contention, the plaintiff demonstrated, prima facie, that it complied with RPAPL 1304 (see Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1309; Nationstar Mtge., LLC v LaPorte, 162 AD3d 784, 786). The plaintiff submitted the affidavit of a person employed by the plaintiff as a business operations analyst, who described the procedure [*2]by which mailings were documented in a correspondence log, and laid a foundation for consideration of business records he submitted. Annexed to the affidavit was a copy of excerpts of the correspondence log, which indicated that notices pursuant to RPAPL 1304 were sent to the defendant by certified and first-class mail. The plaintiff also submitted, inter alia, a copy of an envelope addressed to the defendant bearing a USPS certified mail barcode, and a copy of an envelope addressed to the defendant bearing a USPS first-class mail barcode, along with copies of the RPAPL 1304 notices sent to the defendant. In opposition, the defendant failed to raise a triable issue of fact (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17). The plaintiff also established, prima facie, that it complied with section 22 of the mortgage agreement, which required service of a specified default notice as a condition precedent to acceleration of the loan, and the defendant failed to raise a triable issue of fact in opposition (see Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308).
"A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is the holder or assignee of the underlying note at the time the action is commenced" (LNV Corp. v Francois, 134 AD3d 1071, 1072; see U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754).
Here, the plaintiff failed to establish, prima facie, that it had standing to commence the instant action. In support of its motion, inter alia, for summary judgment, the plaintiff submitted a copy of the note, along with a paper, which was labeled an allonge, containing an endorsement in blank. However, the plaintiff did not submit evidence to indicate that the purported allonge was so firmly affixed to the note so as to become a part thereof, as required under UCC 3-202(2) (see U.S. Bank N.A. v Moulton, 179 AD3d 734, 737). Moreover, at the time the action was commenced, the plaintiff appended a copy of the note to the complaint, but the plaintiff did not append a copy of the purported allonge (see U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772). The affidavits submitted by the plaintiff do not eliminate triable issues of fact as to whether the plaintiff was in possession of the note at the time the action was commenced. Therefore, the plaintiff failed to establish, prima facie, that it had standing to commence the action (see U.S. Bank N.A. v Moulton, 179 AD3d 734; U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, for summary judgment dismissing the 1st and 14th affirmative defenses asserted in the defendant's answer, which alleged that the plaintiff lacked standing to commence the action, and for an order of reference (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
AUSTIN, J.P., MILLER, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court