U.S. Bank, N.A. v Ainsley (2021 NY Slip Op 02014)





U.S. Bank, N.A. v Ainsley


2021 NY Slip Op 02014


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-07223
 (Index No. 50698/16)

[*1]U.S. Bank, National Association, etc., respondent,
v Spencer B. Ainsley, etc., et al., appellants, et al., defendants.


Corbally Gartland and Rappleyea, LLP, Poughkeepsie, NY (Brooke D. Youngwirth of counsel), for appellants.
McCabe, Weisberg and Conway P.C. (Greenberg Traurig, LLP, New York, NY [Patrick G. Broderick and Ryan Sirianni], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Spencer B. Ainsley and Sarah H. Ainsley appeal from an order of the Supreme Court, Dutchess County (Christine A. Sproat, J.), dated May 22, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and for an order of reference, and denied that branch of the cross motion of the defendants Spencer B. Ainsley and Sarah H. Ainsley which was, in effect, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Spencer B. Ainsley and Sarah H. Ainsley, to strike those defendants' answer, and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the defendants Spencer B. Ainsley and Sarah H. Ainsley.
In March 2016, the plaintiff commenced this action against the defendants Spencer B. Ainsley and Sarah H. Ainsley (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property owned by the defendants. According to the plaintiff, Spencer B. Ainsley had executed a promissory note in favor of the plaintiff's predecessor in interest which was secured by a mortgage signed by the defendants, and the defendants failed to make payments that were due pursuant to the terms of the mortgage. The defendants interposed an answer and raised various affirmative defenses. Thereafter, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. The defendants opposed the motion and cross-moved, inter alia, in effect, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated May 22, 2017, the Supreme Court, among other things, granted those branches of the plaintiff's motion, and denied that branch of the defendants' cross motion. The defendants appeal.
The Supreme Court should have denied those branches of the plaintiff's motion which [*2]were for summary judgment and related relief as the plaintiff failed to establish, prima facie, that it had standing to commence this action. Although the plaintiff attached to the complaint copies of the note and an undated purported allonge endorsed in blank, the plaintiff did not demonstrate that the purported allonge, which was on a piece of paper completely separate from the note, was "so firmly affixed thereto as to become a part thereof," as required by UCC 3-202(2) (see Citimortgage, Inc. v Ustick, 188 AD3d 793, 795; U.S. Bank N.A. v Moulton, 179 AD3d 734, 738).
Nonetheless, the Supreme Court properly denied that branch of the defendants' cross motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against them. Although the defendants raise a number of irregularities in the way the plaintiff's predecessors purported to assign the note and modify the loan, and regarding the manner in which the plaintiff and its predecessors have prosecuted this foreclosure action and the foreclosure actions that preceded it, numerous factual issues remain such that the defendants have failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them (see Zuckerman v New York, 49 NY2d 557, 562).
In light of our determination, the parties' remaining contentions either are without merit or need not be reached.
CHAMBERS, J.P., MILLER, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court