Pennymac Corp. v Levy (2022 NY Slip Op 04732)

Pennymac Corp. v Levy

2022 NY Slip Op 04732

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2019-01069
 (Index No. 23005/15)

[*1]Pennymac Corp., respondent, 
v
Isaac Levy, et al., appellants, et al., defendants.

Petroff Amshen, LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellants.
The Frank Law Firm, P.C., Old Brookville, NY (Thomas J. Frank of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Isaac Levy and Michelle Levy appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated December 5, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Isaac Levy and Michelle Levy, to strike those defendants' answer, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Isaac Levy and Michelle Levy, to strike those defendants' answer, and for an order of reference are denied.
On June 29, 2005, the defendant Isaac Levy executed a note promising to pay the sum of $682,500 plus interest. The note was secured by a mortgage on certain residential property located in Brooklyn and the mortgage was executed by Isaac Levy and the defendant Michelle Levy (hereinafter together the defendants). The defendants allegedly defaulted by failing to make the monthly payment due on January 1, 2010, and all subsequent payments thereafter.
In 2012, the plaintiff commenced the instant action to foreclose the mortgage against the defendants, among others. The defendants interposed an answer asserting, inter alia, affirmative defenses based on the plaintiff's failure to comply with RPAPL 1304 and the notice provisions of the mortgage.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the motion. By order dated December 5, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants appeal.
"In a residential foreclosure action, a plaintiff moving for summary judgment must [*2]tender sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 669 [internal quotation marks omitted]). RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]). "'Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action'" (HSBC Bank USA, N.A. v Sawh, 177 AD3d 959, 960, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20; see Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21 [internal quotation marks omitted]; see Bank of Am., N.A. v Bittle, 168 AD3d 656, 658; Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
Here, the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304. The plaintiff failed to submit an affidavit of service or proof of mailing by the United States Postal Service evidencing that it properly served the defendants. Instead, the plaintiff relied on the affidavit of Carlos Bernal, an authorized representative of the plaintiff's loan servicing company. Although Bernal averred to have personal knowledge of the company's record keeping systems, he did not purport to be familiar with the office procedure for mailing notices once they have been generated, and, therefore, he did not establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed (see Nationstar Mtge., LLC v Matles, 185 AD3d 703, 706; Bank of N.Y. Mellon v Ettinger, 176 AD3d 1152, 1154; U.S. Bank N.A. v Offley, 170 AD3d 1240, 1242). Further, the unsigned certified mail receipts, bearing no postmark from the United States Postal Service, do not prove that the notices were actually mailed (see U.S. Bank N.A. v Ahmed, 174 AD3d 661, 663), and, in any event, the plaintiff produced no evidence that the notices were mailed by regular first-class mail (see Citimortgage, Inc. v Succes, 170 AD3d 946, 948; Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050-1051). Since the plaintiff failed to provide proof of the actual mailing, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure, the plaintiff failed to establish its strict compliance with RPAPL 1304.
Because the plaintiff failed to satisfy its prima facie burden, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference should have been denied, regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' remaining contentions need not be addressed in light of our determination.
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court