Deutsche Bank Natl. Trust Co. v Unlimited Assets (2022 NY Slip Op 06907)

Deutsche Bank Natl. Trust Co. v Unlimited Assets

2022 NY Slip Op 06907

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-12877 
2019-12880
 (Index No. 704486/17)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Unlimited Assets, appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Ellis M. Oster of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Unlimited Assets appeals from (1) an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated March 8, 2018, and (2) an order of the same court entered October 3, 2019. The order dated March 8, 2018, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Unlimited Assets, in effect, to strike that defendant's answer, and for an order of reference. The order entered October 3, 2019, insofar as appealed from, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the appeal from the order dated March 8, 2018, is dismissed, as that order was superseded by the order entered October 3, 2019; and it is further,
ORDERED that the order entered October 3, 2019, is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Unlimited Assets, in effect, to strike that defendant's answer, and for an order of reference are denied, and so much of the order dated March 8, 2018, as granted those branches of the plaintiff's motion is vacated; and it is further,
ORDERED that one bill of costs is awarded to the defendant Unlimited Assets.
In April 2006, Wael Aboelatif (hereinafter the borrower) executed a note and a mortgage encumbering certain real property located in Queens. The loan was subsequently modified by an agreement dated August 23, 2010. In May 2014, the borrower conveyed his interest in the property to the defendant Unlimited Assets (hereinafter Unlimited).
In April 2017, the plaintiff commenced this action to foreclose the mortgage against Unlimited, among others, alleging that the borrower defaulted under the terms of the note and mortgage by failing to make the payments due on September 1, 2011, and thereafter. Unlimited interposed an answer with 16 affirmative defenses. The plaintiff then moved, inter alia, for summary [*2]judgment on the complaint insofar as asserted against Unlimited, in effect, to strike Unlimited's answer, and for an order of reference. In an order dated March 8, 2018, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In an order entered October 3, 2019, the court, inter alia, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff. Unlimited appeals.
Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (see HSBC Bank USA, N.A. v Bhatti, 186 AD3d 817, 819; Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 619). "Among other things, a plaintiff can establish a default by submission of an affidavit from a person having personal knowledge of the facts, or other evidence in admissible form" (Bank of N.Y. Mellon v DeLoney, 197 AD3d 548, 549; see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208). Here, in support of its motion, the plaintiff submitted an affidavit from Elizabeth A. Ostermann, a vice president of the plaintiff's loan servicer, who attested to the borrower's default in payment. However, Ostermann's knowledge was based upon her review of unidentified business records, which she failed to attach to her affidavit, and therefore, her assertions regarding the borrower's alleged default constituted inadmissible hearsay and lacked probative value (see Wells Fargo Bank, N.A. v Gross, 202 AD3d 882, 885; Bank of Am., N.A. v Huertas, 195 AD3d 891).
Since Osetermann's affidavit was the only purported evidence of default, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Unlimited, in effect, to strike Unlimited's answer, and for an order of reference, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court