U.S. Bank N.A. v Thomas (2022 NY Slip Op 07475)

U.S. Bank N.A. v Thomas

2022 NY Slip Op 07475

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2018-03905
 (Index No. 701726/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Rosemarie Thomas, etc., appellant, et al., defendants.

James Jantarasami, New York, NY, for appellant.
LOGS Legal Group (Reed Smith LLP, New York, NY [Andrew B. Messite and Brenda Beauchamp Ward], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rosemarie Thomas appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Allan B. Weiss, J.), entered March 6, 2019. The order and judgment of foreclosure and sale, upon an order of the same court entered January 29, 2018, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Rosemarie Thomas, to strike that defendant's answer and affirmative defenses, and for an order of reference, granted the plaintiff's unopposed motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order and judgment of foreclosure and sale is dismissed, except insofar as it brings up for review the order entered January 29, 2018, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Rosemarie Thomas, to strike that defendant's answer and affirmative defenses, and for an order of reference; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as reviewed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Rosemarie Thomas, to strike that defendant's answer and affirmative defenses, except for the affirmative defense alleging lack of standing, and for an order of reference are denied, and the order entered January 29, 2018, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The plaintiff commenced this action against, among others, the defendant Rosemarie Thomas (hereinafter the defendant) to foreclose a mortgage encumbering certain real property located in Queens. The defendant interposed an answer asserting various affirmative defenses, including the plaintiff's lack of standing and failure to comply with RPAPL 1304. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the [*2]defendant, to strike her answer and affirmative defenses, and for an order of reference. The defendant opposed the motion and cross-moved for leave to serve and file an amended answer asserting additional affirmative defenses. In an order entered January 29, 2018, the Supreme Court, among other things, granted the plaintiff's motion, denied the defendant's cross motion, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff on the mortgage loan. In an order and judgment of foreclosure and sale entered March 6, 2019, the court, upon the order entered January 29, 2018, granted the plaintiff's unopposed motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals, arguing that the plaintiff lacks standing and that it failed to establish its compliance with RPAPL 1304. The defendant does not challenge the court's denial of her cross motion for leave to serve and file an amended answer asserting additional affirmative defenses.
RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]). Strict compliance with RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20; Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937). The plaintiff can establish strict compliance with RPAPL 1304 by submitting proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21).
Here, the plaintiff attempted to demonstrate mailing of the RPAPL 1304 notices (hereinafter 90-day notices) by submitting the affidavit of Susana Leal-Salgado, a vice president of loan documentation for the plaintiff's loan servicer, Wells Fargo Bank, N.A. (hereinafter Wells Fargo). Based on her familiarity with business records maintained by Wells Fargo, Salgado averred that 90-day notices were mailed to the defendant by certified mail and also by first-class mail, and she attached to her affidavit copies of the 90-day notices. However, Salgado did not aver that she had personal knowledge of the mailings, did not describe a standard office mailing procedure designed to ensure that items were properly addressed and mailed, and did not attach domestic return receipts or other evidence to demonstrate the actual mailings by certified mail or first-class mail. Accordingly, the plaintiff failed to establish, prima facie, that the mailing of the 90-day notices actually occurred (see Wilmington Trust Co. v Prashad, 199 AD3d 1042; Federal Natl. Mtge. Assn. v Donovan, 197 AD3d 694, 696; Wells Fargo Bank, N.A. v Tricario, 180 AD3d 848, 851).
Contrary to the plaintiff's contention, it failed to establish, prima facie, that the subject loan was not a "home loan" as defined by RPAPL 1304 and that, consequently, the statute's notice requirements did not apply (see Nationstar Mtge., LLC v Jong Sim, 197 AD3d 1178, 1179-1180; cf. MLB Sub I, LLC v Mathew, 202 AD3d 1078, 1079-1080; U.S. Bank N.A. v Shereshevsky, 198 AD3d 1000, 1001).
However, the Supreme Court properly granted that branch of the plaintiff's motion which was to strike the defendant's affirmative defense alleging lack of standing. The plaintiff established, prima facie, that it had standing to commence this action by annexing to the complaint a copy of the note, endorsed in blank by the original lender (see U.S. Bank NA v Smith, 191 AD3d 726, 728; Wells Fargo Bank, N.A. v Khan, 188 AD3d 952, 953), and the defendant failed to raise a triable issue of fact in opposition.
LASALLE, P.J., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court