Wells Fargo Bank, N.A. v Smith (2023 NY Slip Op 03944)

Wells Fargo Bank, N.A. v Smith

2023 NY Slip Op 03944

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2019-04705 
2019-04707
 (Index No. 9476/15)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Kathleen McMullen Smith, et al., appellants, et al., defendants.

Law Office of Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel), for appellants.
Greenberg Traurig, LLP, New York, NY (Ryan Sirianni and Patrick G. Broderick of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Kathleen McMullen Smith and William Michael Smith appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 7, 2019, and (2) an order and judgment of foreclosure and sale (one paper) of the same court also entered March 7, 2019. The order, insofar as appealed from, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, insofar as appealed from, upon two orders of the same court, both entered July 5, 2018, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Kathleen McMullen Smith and dismissing her affirmative defenses, to strike that defendant's answer, for leave to enter a default judgment against the defendant William Michael Smith, and for an order of reference, denying the cross-motion of the defendant Kathleen McMullen Smith for summary judgment dismissing the complaint insofar as asserted against her, and denying the cross-motion of the defendant William Michael Smith pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, and upon the order entered March 7, 2019, granted the same relief to the plaintiff as the order entered March 7, 2019, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order entered March 7, 2019, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Kathleen McMullen Smith, to strike that defendant's answer, for leave to enter a default judgment against the defendant William Michael Smith, and for an order of reference are denied, the cross-motion of the defendant William Michael Smith pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned is granted, and the orders entered July 5, 2018, and the order entered March 7, 2019, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants Kathleen McMullen Smith and William Michael Smith.
The appeal from the order entered March 7, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
The plaintiff commenced this action to foreclose a mortgage on certain real property located in Nassau County against the defendants Kathleen McMullen Smith (hereinafter Kathleen) and William Michael Smith (hereinafter William), among others. Kathleen interposed an answer in which she asserted several affirmative defenses, including lack of standing and failure to comply with RPAPL 1304. William did not answer the complaint.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Kathleen and dismissing her affirmative defenses, to strike her answer, for leave to enter a default judgment against William, and for an order of reference. Kathleen opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to comply with RPAPL 1304. William separately opposed the plaintiff's motion and cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. In two orders, both entered July 5, 2018, the Supreme Court granted the plaintiff's motion and denied the separate cross-motions.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order entered March 7, 2019, the Supreme Court, inter alia, granted the plaintiff's motion. In an order and judgment of foreclosure and sale also entered March 7, 2019, the court, inter alia, granted that same relief to the plaintiff, confirmed the referee's report, and directed the sale of the subject property. Kathleen and William appeal.
Contrary to Kathleen's contention, the Supreme Court did not err in denying her cross-motion for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to comply with RPAPL 1304. The inclusion of additional information with the notices required by RPAPL 1304 did not violate the requirement that the RPAPL 1304 notices be sent "in a separate envelope from any other mailing or notice" (id. § 1304[2]), as the additional information consisted of "accurate statements that further the underlying statutory purpose of providing information to borrowers that is or may become relevant to avoiding foreclosure" (Bank of Am., N.A. v Kessler, 39 NY3d 317, 326). As the plaintiff otherwise established that it sent the RPAPL 1304 notice as required by the statute, the court properly granted that branch of the plaintiff's motion which was for summary judgment dismissing Kathleen's affirmative defense alleging failure to comply with RPAPL 1304.
The plaintiff established its standing to commence this action by demonstrating that a copy of the underlying note bearing an endorsement in blank was annexed to the complaint (see U.S. Bank N.A. v Thomas, 211 AD3d 1078, 1081; Federal Natl. Mtge. Assn. v Raja, 211 AD3d 692, 694; U.S. Bank NA v Smith, 191 AD3d 726, 728). Thus, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment dismissing Kathleen's affirmative defense alleging lack of standing (see U.S. Bank N.A. v Thomas, 211 AD3d at 1081).
However, the Supreme Court should not have granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Kathleen, to strike her answer, and for an order of reference. Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Unlimited Assets, 211 AD3d 683, 684; U.S. Bank N.A. v Valme, 210 AD3d 1034, 1035; Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d 871, 871). Here, in support of its motion, the plaintiff submitted an affidavit from Jennifer Mercier, a contract management coordinator employed by the [*2]plaintiff's loan servicer, who attested to the default in payment. However, Mercier's knowledge was based upon her review of unidentified business records, the foundation for which was not established, and the records were not attached to the affidavit (see MTGLQ Invs., L.P. v Rashid, 213 AD3d 839, 840; 2010-3 SFR Venture, LLC v Schiavoni, 199 AD3d 739, 741). "Conclusory affidavits lacking a factual basis are without evidentiary value" (USBank N.A. v Haliotis, 185 AD3d 756, 759; see U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d 850, 851). Therefore, Mercier's assertions regarding the alleged default constituted inadmissible hearsay and lacked probative value (see MTGLQ Invs., L.P. v Rashid, 231 AD3d at 840; Deutsche Bank Natl. Trust Co. v Unlimited Assets, 211 AD3d at 684; Wells Fargo Bank, N.A. v Gross, 202 AD3d 882, 885; Citibank, N.A. v Yanling Wu, 199 AD3d 48, 58). Accordingly, Mercier's affidavit was insufficient to establish, prima facie, a default on the mortgage, and the court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Kathleen, to strike her answer, and for an order of reference, regardless of the sufficiency of the opposition papers (see Wells Fargo Bank, N.A. v Gross, 202 AD3d at 885; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court also erred in denying William's cross-motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see U.S. Bank N.A. v Benitez, 211 AD3d 765, 766; HSBC Bank USA, N.A. v Cross, 205 AD3d 779, 781). To establish sufficient cause, the plaintiff must "proffer a reasonable excuse for the delay in timely moving for a default judgment and to demonstrate that the cause of action is potentially meritorious" (HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671; see HSBC Bank USA, N.A. v Cross, 205 AD3d at 781-782).
Contrary to the finding of the Supreme Court, CPLR 3215(c) is applicable in this case to William, who failed to answer the complaint. Further, the plaintiff concedes that it failed to take proceedings toward the entry of judgment within one year of William's default, even accounting for time that CPLR 3215(c) was tolled during mandatory settlement negotiations pursuant to CPLR 3408 (see Citimortgage, Inc. v Borek, 171 AD3d 848, 850-851). The plaintiff also failed to proffer any excuse for its delay in taking proceedings for the entry of a default judgment against William (see U.S. Bank N.A. v Benitez, 211 AD3d at 766-767; HSBC Bank USA, N.A. v Cross, 205 AD3d at 782; Federal Natl. Mtge. Assn. v Kresner, 200 AD3d 981, 983). The plaintiff's remaining contentions regarding CPLR 3215(c), raised for the first time on appeal, are not properly before this Court (see Deutsche Bank Natl. Trust Co. v Pezzola, 199 AD3d 877, 878-879). Accordingly, the Supreme Court should have granted William's cross-motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, and, for the same reason, should have denied that branch of the plaintiff's motion which was for leave to enter a default judgment against him.
Kathleen's remaining contention is without merit.
BARROS, J.P., BRATHWAITE NELSON, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court