U.S. Bank Trust, N.A. v Atedgi (2025 NY Slip Op 01255)

U.S. Bank Trust, N.A. v Atedgi

2025 NY Slip Op 01255

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2023-07782
 (Index No. 717439/18)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
Moshe Atedgi, et al., appellants, et al., defendants.

Joseph A. Altman, P.C., Fleetwood, NY, for appellants.
Roach & Lin, P.C., Syosset, NY (Edward Rugino of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Moshe Atedgi and F.L.B. Custom Homes, Inc., appeal from an order of the Supreme Court, Queens County (Phillip Hom, J.), entered June 6, 2023. The order, insofar as appealed from, upon a decision of the same court dated August 26, 2022, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Moshe Atedgi and F.L.B. Custom Homes, Inc., to strike their answer, and to appoint a referee to compute the amount due to the plaintiff and, in effect, denied the motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On December 14, 2007, the defendant F.L.B. Custom Homes, Inc., by the defendant Moshe Atedgi (hereinafter together the defendants) executed and delivered to Washington Mutual Bank, F.A., a consolidated note (hereinafter the note) in the amount of $525,000, secured by a consolidated mortgage (hereinafter the mortgage) on certain real property located in Rosedale.
In June 2009, JPMorgan Chase Bank, N.A., as attorney-in-fact for the Federal Deposit Insurance Corporation, as receiver of Washington Mutual Bank formerly known as Washington Mutual Bank, F.A. (hereinafter JPMorgan Chase), commenced an action to foreclose the mortgage (hereinafter the 2009 action). On June 21, 2016, the Supreme Court granted the defendants' cross-motion for summary judgment dismissing the complaint in the 2009 action for lack of standing.
On November 13, 2018, the plaintiff commenced this action to foreclose the mortgage. The defendants interposed an answer with various affirmative defenses, including that the plaintiff lacked standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and to appoint a referee to compute the amount due to the plaintiff. The defendants opposed the motion and also moved for summary judgment dismissing the complaint insofar as asserted against them, among other things, as time-barred, for lack of standing, and for failure to comply with RPAPL 1304 and the notice of default provisions of the mortgage.
In an order entered June 6, 2023, the Supreme Court, upon a decision dated August [*2]26, 2022, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and to appoint a referee to compute the amount due to the plaintiff and, in effect, denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. The defendants appeal. We affirm.
The Supreme Court properly determined that the plaintiff established, prima facie, that it had standing at the time this action was commenced. "Where, as here, the plaintiff's standing has been placed in issue by the defendant[s'] answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 762). Here, the plaintiff established its standing to commence this action by demonstrating that a copy of the note bearing an endorsement in blank was annexed to the complaint (see Wells Fargo Bank, N.A. v Smith, 218 AD3d 832, 834; U.S. Bank N.A. v. Thomas, 211 AD3d 1078, 1081; Federal Natl. Mtge. Assn. v Raja, 211 AD3d 692, 694; U.S. Bank NA v Smith, 191 AD3d 726, 728). In opposition, the defendants failed to raise a triable issue of fact as to whether the signature on the endorsement of the note was a forgery (see JPMorgan Chase Bank, N.A. v Newton, 203 AD3d 902; CitiMortgage, Inc. v McKinney, 144 AD3d 1073, 1074-1075). For the same reason, in support of their motion for summary judgment, the defendants failed to establish, prima facie, that the plaintiff did not have standing to commence this action.
Further, the plaintiff established, prima facie, its strict compliance with RPAPL 1304 and the notice of default provisions of the mortgage. "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see U.S. Bank N.A. v 22-33 Brookhaven, Inc., 219 AD3d 657, 664). Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20). "RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower and to the residence that is the subject of the mortgage" (U.S. Bank N.A. v 22-33 Brookhaven, Inc., 219 AD3d at 664 [internal quotation marks omitted]; see RPAPL 1304[1], [2]; Federal Natl. Mtge. Assn. v Raja, 211 AD3d at 695; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20). "'A plaintiff demonstrates its compliance with the statute by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Federal Natl. Mtge. Assn. v Raja, 211 AD3d at 695 [internal quotation marks omitted], quoting U.S. Bank N.A. v Pickering-Robinson, 197 AD3d at 759; see U.S. Bank N.A. v 22-33 Brookhaven, Inc., 219 AD3d at 664-665; Pennymac Corp. v Levy, 207 AD3d 735, 736; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21). "Moreover, in order to establish entitlement to summary judgment, the plaintiff must show that it complied with any conditions precedent to commencing the action contained in the mortgage agreement itself" (U.S. Bank N.A. v Tiburcio, 197 AD3d 528, 530; see U.S. Bank N.A. v 22-33 Brookhaven, Inc., 219 AD3d at 665; Wilmington Sav. Fund Socy., FSB v Stern, 187 AD3d 969, 970). However, "[t]here is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (Homebridge Fin. Servs., Inc. v Mauras, 201 AD3d 890, 891 [internal quotation marks omitted]; see U.S. Bank N.A. v Pickering-Robinson, 197 AD3d at 759; Citigroup v Kopelowitz, 147 AD3d 1014, 1015).
Here, the plaintiff demonstrated, prima facie, its strict compliance with RPAPL 1304. In support of its motion, the plaintiff submitted the affidavit of Kolette Modlin, an authorized officer of Caliber Home Loans, Inc. (hereinafter Caliber), the plaintiff's loan servicer and attorney-in-fact pursuant to a limited power of attorney executed May 17, 2017. Contrary to the defendants' contention, Modlin's affidavit was sufficient to lay a proper foundation for the admission of business records created by LenderLive, LLC (hereinafter LenderLive), as Modlin made the requisite showing [*3]that LenderLive's records were incorporated into Caliber's own records and routinely relied upon by Caliber in its business (see Wilmington Trust, N.A. v Reed, 210 AD3d 731, 732; U.S. Bank N.A. v Kropp-Somoza, 191 AD3d 918, 921; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209). Annexed to Modlin's affidavit were copies of transaction reports from LenderLive, which indicated that notices required by RPAPL 1304 were sent by certified and first-class mail. In addition, the plaintiff submitted copies of envelopes addressed to Atedgi bearing first-class mail and certified mail barcodes and tracking numbers, along with copies of the RPAPL 1304 notices, and copies of forms from the United States Postal Service with the corresponding tracking numbers. These submissions were sufficient to establish, prima facie, that the notices required by RPAPL 1304 were sent by certified and first-class mail (see U.S. Bank N.A. v Pickering-Robinson, 197 AD3d at 761; Citimortgage, Inc. v Ustick, 188 AD3d 793, 795). The plaintiff also established, prima facie, that it complied with the notice of default provisions of the mortgage (see Deutsche Bank Natl. Trust Co. v Pirozzi, 230 AD3d 736; Citimortgage, Inc. v Ustick, 188 AD3d at 795). In opposition, Atedgi's mere denial of receipt was not sufficient to raise a triable issue of fact, and for the same reason, in support of their motion for summary judgment, the defendants failed to establish, prima facie, that the plaintiff did not comply with RPAPL 1304 or the notice of default provisions of the mortgage (see U.S. Bank N.A. v Panzer, 189 AD3d 1109; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 24).
The defendants failed to establish, prima facie, that the time within which to commence this action had expired. An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "'[E]ven if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Pryce v U.S. Bank, N.A., 226 AD3d 711, 712, quoting Bush N Stuy Corp. v Bayview Loan Servicing, LLC, 215 AD3d 916, 918; see U.S. Bank Trust, N.A. v Giangrande, 229 AD3d 834). "'An acceleration of a mortgage debt can occur when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due'" (21st Mtge. Corp. v Rudman, 201 AD3d 618, 621, quoting Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844). "'However, service of a complaint is ineffective to constitute a valid exercise of the option to accelerate a debt where the plaintiff does not have the authority to accelerate the debt or to sue to foreclose at that time'" (21st Mtge. Corp. v Rudman, 201 AD3d at 621 [internal quotation marks omitted], quoting MLB Sub I, LLC v Grimes, 170 AD3d 992, 993; see J & JT Holding Corp. v Deutsche Bank Natl. Trust Co., 173 AD3d 704, 707; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 983).
"[T]he Foreclosure Abuse and Prevention Act (L 2022, ch 821 [hereinafter FAPA]), amended CPLR 213(4) by adding, among other things, paragraph (a), which provides that '[i]n any action on an instrument described under this subdivision, if the statute of limitations is raised as a defense, and if that defense is based on a claim that the instrument at issue was accelerated prior to, or by way of commencement of a prior action, a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based [upon] an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated'" (MTGLQ Invs., L.P. v Lila, 226 AD3d 889, 890-891).
Here, although the complaint in the 2009 action expressly elected to call due the entire amount secured by the mortgage, the Supreme Court determined that JPMorgan Chase lacked standing in the 2009 action and thus, did not have the authority to accelerate the debt at that time (see Cohen v Deutsche Bank Natl. Trust Co., 229 AD3d 758, 761; U.S. Bank N.A. v Pearl-Nwabueze, 218 AD3d 824; Reinman v Deutsche Bank Natl. Trust Co., 215 AD3d 704, 707; Mejias v Wells Fargo N.A., 186 AD3d 472, 474).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and to appoint a referee to compute the amount due to the plaintiff and, in effect, denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
CONNOLLY, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court