Deutsche Bank Natl. Trust Co. v Ghosh

2026 NY Slip Op 03144

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Deutsche Bank National Trust Company, etc., respondent,

v

Nandita Ghosh, appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2023-10096, (Index No. 5038/16)

Cheryl E. Chambers, J.P.

Paul Wooten

Lourdes M. Ventura

Elena Goldberg Velazquez, JJ.

Law Office of Maggio & Meyer, PLLC, Bohemia, NY (Holly Meyer of counsel), for appellant.

Duane Morris LLP, New York, NY (Brett L. Messinger and Brian J. Slipakoff of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant Nandita Ghosh appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), dated September 18, 2023. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against her.

ORDERED that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against, among others, the defendant Nandita Ghosh (hereinafter the defendant) to foreclose a mortgage on certain real property located in New Hyde Park. The defendant moved for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to comply with RPAPL 1304. The plaintiff opposed the motion. In an order dated September 18, 2023, the Supreme Court, inter alia, denied the defendant's motion. The defendant appeals.

Contrary to the defendant's contention, the Supreme Court did not err in denying her motion for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to comply with RPAPL 1304. The inclusion of additional information with the notices required by RPAPL 1304 did not violate the requirement that the RPAPL 1304 notices be sent "in a separate envelope from any other mailing or notice" (id. § 1304 [2]), as the additional information consisted of "accurate statements that further the underlying statutory purpose of providing information to borrowers that is or may become relevant to avoiding foreclosure" (Bank of Am., N.A. v Kessler, 39 NY3d 317, 326; see Deutsche Bank Natl. Trust Co. v Pirozzi, 230 AD3d 736, 740; Wells Fargo Bank, N.A. v Smith, 218 AD3d 832, 834). Further, the defendant's contention that the RPAPL 1304 notices were improperly sent by the plaintiff's counsel is without merit (see Deutsche Bank Natl. Trust Co. v Pirozzi, 230 AD3d at 739; Ocwen Loan Servicing LLC v Siame, 185 AD3d 408, 409).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against her.

The parties' remaining contentions are not properly before this Court.

CHAMBERS, J.P., WOOTEN, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court